# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:18-CV-537-KDB

| | |
|---|---|
| **BEVERLY M. GRANADOS-ZETINA,** )<br>    **Plaintiff,** )<br> )<br>    vs. )<br> )<br>**ANDREW M. SAUL,**[1] )<br>**Acting Commissioner of Social Security** )<br> )<br>    **Defendant.** )<br> ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No. 14) and Defendant's "Motion for Summary Judgment" (Doc. No. 18), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her applications for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Having exhausted her administrative remedies, Plaintiff now seeks judicial review of the decision pursuant to 42 U.S.C. § 405(g). Plaintiff filed the present action on October 4, 2018.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 124).[2] In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

*Radford v. Colvin*, 734 F.3d 288, 290-91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof in the first four steps. *Pearson v. Colvin,* 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. *See id.*; *see also* 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 23, 2014 (Tr. 116, Finding 2). The ALJ found Plaintiff to have the following severe impairments: "irritable bowel syndrome; herniated disc; diabetes mellitus, cervical myopathy, cervical degenerative disc disease and radiculopathy" (Tr. 116, Finding 3). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Administration's regulations. (Tr. 117). Therefore, the ALJ

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

examined the evidence of Plaintiff's impairments and made a finding as to the Plaintiff's Residual Functional Capacity (RFC). In pertinent part, the ALJ found the Plaintiff:

> has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant needs a sit/stand option that allows for chance in position twice an hour. The claimant cannot climb ropes, ladders or scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can frequently reach, finger, handle and feel bilaterally. The claimant uses a cane for ambulation only, not for rising from a seated position or balancing. The claimant is furthered limited to no production rate work. She can stay on task for 2 hours at a time.

(Tr. 117, Finding 5). The ALJ detailed the evidence considered in formulating the RFC (Tr. 117-122). The ALJ found the Plaintiff not disabled at Step Four of the sequential evaluation process based upon the established RFC and the vocational expert's (VE) testimony that Plaintiff would not be able to perform her past relevant work (PRW) as a short order cook, a deliverer merchandise and kitchen helper. (Tr. 122, Finding 6). Alternatively, at Step Five of the evaluation process, the ALJ, pursuant to VE testimony, found Plaintiff, given the limitations embodied in his RFC, would be able to perform jobs that existed in significant numbers in the national economy such as toll collector, information clerk and office helper. (Tr. 123).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de nov*o*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v.*

*Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creating] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; and *Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. <u>DISCUSSION</u>

The question before the ALJ was whether Ms. Granados-Zetina became disabled at any

time.³  Ms. Granados-Zetina contends the ALJ did not properly consider or accommodate her bowel incontinence ("Plaintiff's Memorandum …" at 8-12) (Doc. No. 15).  Ms. Granados-Zetina also challenges the ALJ's assessment of her use of a cane (Plaintiff's Memorandum 12-16).

The ALJ acknowledged and discussed at length the opinion letters and check-box form that Ms. Austin submitted in mid-2015 (Tr. 36-37 (citing Tr. 757, 762-63, 765)) but he explained that those assessments, which were not "medical opinions" under the regulations, were inconsistent with the overall record (Tr. 37) and were even inconsistent with Ms. Austin's own notes which documented no memory impairment a few months after the opinion evidence at issue (Tr. 30 (citing Tr. 898)).  Thus, the ALJ explained that Ms. Austin's assessments were inconsistent with the record as a whole, and, therefore he gave them little weight (Tr. 37); *see* 20 C.F.R. § 404.1527(c)(3)-(4) (noting that the ALJ should consider the extent to which an opinion is supported by relevant evidence and the consistency of the opinion with the record as a whole); *cf. Craig*, 76 F.3d at 590 (noting that even an opinion from a treating source, if "not supported by clinical evidence or if … inconsistent with other substantial evidence … should be accorded significantly less weight").

## IV. CONCLUSION

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The decision of the ALJ, therefore, is hereby **AFFIRMED**, Plaintiff's "Motion for Summary

---

³Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months
> *Pass v. Charter*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Judgment" (Doc. No. 14) is **DENIED**; Defendant's "Motion for Summary Judgment" (Doc. No. 18) is **GRANTED**.

**IT IS SO ORDERED.**

Signed: December 12, 2019

Kenneth D. Bell
United States District Judge