IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-537-KDB

| | |
|---|---|
| BEVERLY M. GRANADOS-ZETINA, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security,[1] <br><br> Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No. 14) and Defendant's "Motion for Summary Judgment" (Doc. No. 18), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her applications for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Having exhausted her administrative remedies, Plaintiff now seeks judicial review of the decision pursuant to 42 U.S.C. § 405(g). Plaintiff filed the present action on October 4, 2018.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 124).[2] In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

*Radford v. Colvin*, 734 F.3d 288, 290-91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof in the first four steps. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. *See id.; see also* 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 23, 2014 (Tr. 116, Finding 2). The ALJ found Plaintiff to have the following severe impairments: "irritable bowel syndrome; herniated disc; diabetes mellitus, cervical myopathy, cervical degenerative disc disease and radiculopathy" (Tr. 116, Finding 3). The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Administration's regulations. (Tr. 117). Therefore, the ALJ examined

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

the evidence of Plaintiff's impairments and made a finding as to the Plaintiff's Residual Functional Capacity (RFC). In pertinent part, the ALJ found the Plaintiff:

> has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant needs a sit/stand option that allows for change in position twice an hour. The claimant cannot climb ropes, ladders or scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can frequently reach, finger, handle and feel bilaterally. The claimant uses a cane for ambulation only, not for rising from a seated position or balancing. The claimant is further limited to no production rate work. She can stay on task for 2 hours at a time.

(Tr. 117, Finding 5). The ALJ detailed the evidence considered in formulating the RFC (Tr. 117-122). The ALJ found the Plaintiff not disabled at Step Four of the sequential evaluation process based upon the established RFC and the vocational expert's (VE) testimony that Plaintiff would not be able to perform her past relevant work (PRW) as a short order cook, a deliverer merchandise and kitchen helper. (Tr. 122, Finding 6). Alternatively, at Step Five of the evaluation process, the ALJ, pursuant to VE testimony, found Plaintiff, given the limitations embodied in his RFC, would be able to perform jobs that existed in significant numbers in the national economy such as toll collector, information clerk and office helper. (Tr. 123).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; and *Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Ms. Granados-Zetina became disabled at any time.[3] Ms. Granados-Zetina contends the ALJ did not properly consider or accommodate her

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . . *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

bowel incontinence ("Plaintiff's Memorandum …" at 8-12) (Doc. No. 15). Ms. Granados-Zetina also challenges the ALJ's assessment of her use of a cane ("Plaintiff's Memorandum 12-16). Ms. Granados-Zetina contends the ALJ erred in not explaining the limitation to non-production pace work or staying on task for two hours at a time ("Plaintiff's Memorandum 16-17).

Ms. Granados-Zetina argues that the ALJ erred by not considering her bowel incontinence as a separate severe impairment separate from her irritable bowel syndrome ("IBS") and by failing to include additional RFC limitations. The ALJ indeed found that she had the severe impairment of IBS (Tr. 116). In considering limitations appropriate for the RFC, the ALJ discussed the evidence relating to the IBS (Tr. 121). The ALJ noted Ms. Granados-Zetina's allegations that she had alternating bouts of constipation and diarrhea (Tr. 121). The ALJ also noted that an examining gastroenterologist suspected that Ms. Granados-Zetina had "slightly weak and damaged sphincter muscle with superimposed irregular bowel habits from her irritable bowel syndrome" (Tr. 121).

The ALJ continued to consider Ms. Granados-Zenita's treatments and documented complaints. In January 2016, she reported constipation with associated dull constant pain that increased after eating coupled with no immediate access to a bathroom and it was unimproved with Miralax (Tr. 121). The ALJ continued:

> The EGD and Colonoscopy on March 2016 showed gastritis, HP negative and a couple of hyperplastic polyps in her colon. (Exhibit 17F, page 104). In July 2016, although the claimant continued to report constipation, she felt it improved with medication. Her abdominal pain had improved. Previously, she stooled herself once or twice a week but the frequency improved. (Exhibit 17F, page 104). In January 2017, a recent anorectic manometry showed dyssynergia contraction. However, the claimant reported that she discontinued her medications around Christmas. It is significant that her abdominal pain did not worsen. Other than low blood pressure, the physical examination was unremarkable and Bentyl controlled the irritable bowel syndromes. (Exhibit 17F, pages 133-134).

(Tr.121). Thus, as the ALJ describes, the record supports the conclusion that her pain and frequency of stool incontinence improved over time with appropriate treatment. The ALJ

concluded that "the pain associated with irritable bowel syndrome is a contributing factor to the residual capacity findings" (Tr. 121). At the hearing, the ALJ asked for any evidence to support the claims of persistent bowel leakage (Tr. 520) but no evidence was ever presented. Furthermore, Ms. Granados-Zenita testified that she would have to go to the bathroom at least every two hours (Tr. 519) and the RFC permits work in the standard two-hour increments.

Ms. Granados-Zenita also challenges the ALJ's finding that she "uses a cane for ambulation only, but not for rising from a seated position or balancing" (Tr. 117, 119). Claimant is putting the burden of proof on the ALJ when it is her burden to establish the existence of impairments that prevent her from working. *See* 42 U.S.C. § 423(d0(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"); *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993) ("[The claimant] "bears the burden of proving that he is disabled within the meaning of the Social Security Act"). The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

In his decision, the ALJ evaluated the relevant evidence of physical limitations and capabilities in accounting for Ms. Granados-Zenita's allegations regarding use of a cane. The ALJ addressed treatment notes, observations, examinations results, documented complaints, and opinions pertaining to a herniated disc, cervical myelopathy, degenerative disc disease, reduculopathy, IBS, and diabetes (Tr. 118-122). The ALJ noted the several normal physical and neurological exams reflecting upon her ability to walk or use her legs, including such signs as normal gait, strength, and sensation (Tr. 118-120). Likewise, the ALJ noted where Ms. Granados-Zenita demonstrated weakness in her left lower extremity and alleged numbness and tingling (Tr.

118-120). The ALJ noted that during physical therapy in early 2015, claimant "could walk safely without an assistive ambulatory device" (Tr. 120). In March 2017, the same month as the hearing, the ALJ noted that the record showed she did not use an ambulatory aid (Tr. 120). As to Ms. Granados-Zenita's ability to rise from a seated position, the ALJ considered the evidence that she specifically demonstrated that she "could rise from a standard height chair without upper extremity support" (Tr. 120). The ALJ reasonably concluded that the RFC should permit the use of a cane for ambulation although it would not be necessary to rise from a seated position or for balance (Tr. 117, 119).

Next, Ms. Granados-Zenita claims the ALJ erred in not explaining the limitation to non-production pace work or staying on task for two hours at a time. The ALJ wrote: "The undersigned has considered the cognitive and physical effect of pain. The mental limitations reflected in the residual functional capacity assessment are secondary to the cognitive effects of pain" (Tr. 121). It clearly shows the ALJ based his conclusion on the preceding and detailed discussion of the medical and non-medical evidence (Tr. 117-122). The conclusion that her pain could interfere with the ability to work at a certain pace or to remain on task for extended periods is reasonable and supported by substantial evidence.

## IV. CONCLUSION

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The decision of the ALJ, therefore, is hereby **AFFIRMED**, Plaintiff's "Motion for Summary Judgment" (Doc. No. 14) is **DENIED**; Defendant's "Motion for Summary Judgment" (Doc. No. 18) is **GRANTED**.

**IT IS SO ORDERED.**

Signed: December 19, 2019

*Kenneth D. Bell*
United States District Judge